Date signed August 01, 2013



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| JOHN MULHERN | : | Case No. 12-20857PM |
| KELLY LEA MULHERN | : | Chapter 13 |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | | |

### MEMORANDUM OF DECISION

This case is before the court on the Chapter 13 Trustee's Motion To Dismiss filed May 31, 2013, and the Debtors' Response thereto.

Debtors filed a bankruptcy case under Chapter 7 (Case No. 11-34635) on December 20, 2011, and in due course received a discharge on March 21, 2012, that wiped out their *in personam* obligation to repay more that $500,000.00 in debts. The instant case was filed less than three months later. This case came before the court for a hearing on confirmation of Debtors' Amended Plan April 30, 2013. Relying on the cases of *In re Davis*, 716 F.3d 331 (CA4 2013) and *Deans v. O'Donnell*, 692 F.2d 968 (CA4 1982), the court found this 'Chapter 20' filing to be in bad faith because the sole purpose of the second filing was to enable Debtors to avoid a junior lien on their home.[1] The court denied confirmation of Debtors' Plan without leave to amend by Memorandum and Order entered May 29, 2013.

---

[1] As Debtors received a discharge in a case filed within two years prior to the filing of this case, they are ineligible for a discharge in this case. 11 U.S.C. § 1328(f)(2). The only scheduled debt for which *in personam* liability exists is that owing to the Internal Revenue Service in the amount of $4,491.10 for 2011 income taxes, a nondischargeable debt in any event. 11 U.S.C. §523(a)(1). Debtors paid $2,500.00 of the agreed $4,500.00 fee to counsel prior to filing this case as well as the $281.00 filing fee.

The court will repeat the segment of the *Davis* opinion quoted in that Memorandum and Order [D.E. No. 48]:

> We do not take lightly the Trustee's assertion that permitting lien-stripping in Chapter 20 cases creates an end run around *Dewsnup's* bar to such relief in Chapter 7 cases. But the Trustee's premise ignores the equally reasonable view that Congress intended to leave intact the normal Chapter 13 lien-stripping regime where a debtor could otherwise satisfy the requirements for filing a Chapter 20 case. In that regard, the law already provides a mechanism for preventing abuse of the bankruptcy process without the creation of a per se rule against lien-stripping*, as bankruptcy courts are bound to carefully scrutinize filings for good faith and dismiss cases where the debtor attempts to use a Chapter 20 procedure solely to strip off a lien.* Likewise, creditors are also protected by section 349(b)(1)(C), which provides that a lien springs back if the case is dismissed. (Emphasis added.)

*In re Davis*, supra at 338.

Following receipt of the court's Memorandum and Order of May 29, 2013, the Chapter 13 Trustee filed a Motion To Dismiss this case on June 3, 2013. On June 12, 2013, Debtors filed a Motion To Alter Or Amend A Judgment Pursuant To Fed.R.Civ.P. 59(e) and Fed.R.Bankr.P. 9023 relating to the May 29, 2013, Memorandum and Order, together with a Response opposing the Trustee's Motion To Dismiss. The Motion To Alter Or Amend A Judgment was denied by the court on July 9, 2013, and that afternoon Debtors filed a Notice of Appeal of the May 29, 2013 Memorandum and Order as well as the Memorandum and Order on the Motion To Alter or Amend A Judgment. No request for a stay pending appeal was filed, because as Debtors argue, the July 9, 2013, order denying confirmation of the Plan was not a final order. But there is nothing in place to stay the decision on the Motion To Dismiss. The court will simplify the procedure for appeal and grant that Motion.

An appropriate order will be entered.

cc:
John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
John/Kelly Mulhern, 2019 Brandywine Street, Saint Leonard, MD 20685
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**